IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH AND KWANZA HAMILTON, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 02 C 1897 ) |
| v. | ) Hon. Mark Filip ) |
| O'CONNOR CHEVROLET, INC., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Deborah and Kwanza Hamilton ("Plaintiffs"), have filed a motion to reconsider. (D.E. 54 ("Reconsideration Motion").) The Reconsideration Motion requests that the Court revisit its order of June 22, 2004. (D.E. 50 ("Order").) Among other things, that Order granted summary judgment on Count VI of Plaintiff's Second Amended Complaint (D.E. 26), which was a claim under the federal Odometer Act, in favor of O'Connor Chevrolet, Inc. ("Defendant"). For the following reasons, the Reconsideration Motion is denied.

## BACKGROUND

The following brief procedural history is relevant to the disposition of the Reconsideration Motion.[1] In August 2003, Plaintiffs asserted claims which included, among others, a putative claim under what Plaintiffs referred to as the "Federal Motor Vehicle Information and Cost Savings Act." (D.E. 26 ¶ 103.) As previously explained in the Court's Order, this claim (Count VI) actually was potentially brought under the successor to that statute,

---

[1] The facts of this case, at least as they relate to the Court's Order granting summary judgment on Count VI, are set forth in *Hamilton v. O'Connor Chevrolet, Inc.*, No. 02-1897, 2004 WL 1403711, at *1-3 (N.D. Ill. June 23, 2004).

which is known as the "Odometer Act," 49 U.S.C. § 32701 *et seq.*[2] In the Odometer Act claim, Plaintiffs alleged, *inter alia*, that "[b]y not disclosing the car's title and the information contained therein to the Plaintiffs, and by failing to disclose the car's milage on the title that should have been tendered to the Plaintiffs for their signature, Defendant violated the disclosure requirements of the Act . . . and the regulations promulgated thereunder." (D.E. 26 ¶ 110.) As noted in the Order, "Plaintiffs concede[d] that the mileage was accurately disclosed, and they also expressly acknowledge[d] that they do not allege odometer tampering." *Hamilton v. O'Connor Chevrolet*, No. 02-1897, 2004 WL 1403711, at *10 (N.D. Ill. June 23, 2004) (citing D.E. 43 at 7-8).

In February 2004, Defendant filed a summary judgment motion (D.E. 35), and in June 2004, the Court granted summary judgment in favor of Defendant on Count VI. *See Hamilton*, 2004 WL 1403711, at *8. The Court held that the "Defendant is entitled to summary judgment on [Count VI] because Plaintiffs have presented no evidence that Defendant intended to defraud them with respect to the car's mileage or its odometer reading." *Id.* In so holding, this Court

---

[2] As the Court pointed out in the Order, the Plaintiffs incorrectly described

the statute they [we]re seeking relief under in Count VI as the 'Motor Vehicle and Information Cost Savings Act.' (D.E. 44 at 12.) The 'Motor Vehicle Information and Cost Savings Act,' which was codified at 15 U.S.C. §§ 1981-1991, was repealed by Pub. L. No. 103-272, § 7(b), 108 Stat. 1379 (1994). Its successor, the statute at issue in Count VI, 49 U.S.C. § 32701 *et seq.*, is located in Chapter 32 of Title 49 of the United States Code, which is titled 'Odometers.' Accordingly, this statute is properly referred to as the 'Odometer Act.' *Szwebel v. Pap's Auto Sales, Inc.*, No. 02-7797, 2003 WL 21750841[,] at *2 (N.D. Ill. July 29, 2003) ('Presuming that the Szwebels intended to assert a claim under the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.*, rather than the repealed Motor Vehicle Information and Cost Saving Act, 15 U.S.C. § 1981 *et seq* . . . .').

*Hamilton v. O'Connor Chevrolet, Inc.*, No. 02-1897, 2004 WL 1403711, at *8 n.6 (N.D. Ill. June 23, 2004).

"[j]oin[ed] with the majority of courts that have considered the issue," *id.*, and, as discussed below, expressly relied on "a line of cases dating back more than twenty-five years hold[ing] that civil liability under the Odometer Act is limited to mileage fraud and odometer tampering." *Id.*, at *9 (collecting cases).

On July 21, 2004, approximately one month after the Court's Order, Plaintiffs filed a motion to "Reconsider the Grant of Summary Judgment to Defendant Under Count VI." (D.E. 54.) The ten-page Reconsideration Motion principally advances lengthy and previously unraised arguments that refer to: principles of administrative agency deference (*id.* at 7); Plaintiffs' view of the legislative history (*id.* at 5-6); the Odometer Act regulations (*id.* at 4, 6); the purported plain meaning of the statute (*id.* at 7); and a variety of previously uncited cases. The Reconsideration Motion also discusses two or three cases that were previously cited in small part in the Plaintiffs' prior briefing. (Plaintiffs' prior summary judgment briefing spanned some twenty-two pages, well in excess of the presumptive page limits set under Local Rule 7.1.) The Reconsideration Motion contends that, notwithstanding the weight of authority that the Court identified and followed in its Order, Defendant is liable under the Odometer Act.

## ANALYSIS

The Reconsideration Motion is procedurally improper. The Reconsideration Motion principally advances new arguments, based on previously available law and facts, which were not raised in the (over-sized) brief that Plaintiffs filed during the summary judgment phase. Reconsideration motions are not vehicles to reargue points that could have been advanced, but were not advanced, during the briefing leading up to the disposition of issues.

The Reconsideration Motion also, in small part, engages in a re-citation and discussion

3

of caselaw that was mentioned only in passing during the summary judgment briefing cycle. This also is not a proper use of a reconsideration motion.

1.  Plaintiffs Have Waived Any Objections to the Manner in Which Defendant's Arguments Were Presented

As explained, the following issue was presented by the summary judgment briefing: whether civil liability under the Odometer Act is limited to claims of mileage fraud and odometer tampering. As explained, the Court held that it is. *See Hamilton*, 2004 WL 1403711, at *8.

Although this issue was not the focus of the parties' respective opening and response briefs, Defendant presented its position and cited from the line of cases supporting the position in its opening summary judgment brief. Defendant also continued to advance this argument in its reply.

The Reconsideration Motion contends "that this argument and line of cases [in support of it] was not raised by [Defendant] in its opening motion for summary judgment." (D.E. 54 at 1 n.1) The Court respectfully disagrees. In this regard, Defendant argued in its opening brief that "Plaintiffs have not claimed that the odometer reading that was provided to them was false." (D.E. 35 at 10-11.) Defendant argued that Plaintiffs "admit [that] they have no evidence that anyone affiliated with [Defendant] or anyone else tampered with the odometer on the vehicle or provided an inaccurate statement." (*Id.* at 11.) Defendant also argued that because "there is no evidence that [Defendant] in any way provided a false odometer statement, much less a false statement made with intent to defraud," Defendant was entitled to summary judgment on Count VI. (*Id.*)

Defendant also cited cases in its opening brief that stand for the proposition on which the

4

Court granted summary judgment on Count VI. Put differently, these cases are part of the "line of cases dating back more than twenty-five years hold[ing] that civil liability under the Odometer Act is limited to mileage fraud and odometer tampering." *Hamilton*, 2004 WL 1403711, at *9. In this regard, Defendant cited *Mayberry v. Ememessay*, 201 F. Supp. 2d 687 (W.D. Va. 2002), and *Compton v. Altavista Motors, Inc.*, 121 F. Supp. 2d 932 (W.D.Va. 2000). (*See* D.E. 35 at 11.) In *Mayberry*, the "[p]laintiff contend[ed] that the only violation of the [Odometer] Act is the fact that the dealership disclosed the mileage in a separate odometer statement and not on the title document itself, as required by the C.F.R. regulations." *Mayberry*, 201 F. Supp. 2d at 694. *Mayberry* held that "[b]ecause [the] [p]laintiff concede[d] that she was not defrauded as to the mileage of the car, her claim under the Odometer Act must fail." *Id.* at 695. Similarly, in *Compton*, the plaintiff claimed "that [the defendant] violated the Odometer Act by using the odometer disclosure statement to indicate the mileage on the title, instead of placing the mileage disclosure on the title itself." *Compton*, 121 F. Supp. 2d at 941. *Compton* granted summary judgment in favor of the defendant "because [the plaintiff] ha[d] set forth no evidence that [the defendant's] alleged violation of the [Odometer] Act's on-the-title disclosure requirement was in any way motivated by an intent to defraud [the plaintiff] with regard to the accuracy of the mileage of [the plaintiff's] automobile." *Id.* at 942.

Even if this argument and this line of authority had not been raised in Defendant's opening brief (which they were), the Court finds that Plaintiff waived any argument that Defendant improperly argued these points in its reply brief for two independent and alternative reasons. First, the Plaintiffs neither moved to strike the portions of Defendant's reply brief that purportedly raised the issues for the first time, nor did Plaintiffs move to file a sur-reply to

address the arguments. *See generally Cent. States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 n.6 (7th Cir. 2000). Second, the Reconsideration Motion does not argue that the Defendant's alleged failure to raise certain arguments and cases in its opening summary judgment brief is grounds for reconsideration or somehow requires a different outcome.

2. Plaintiffs' Arguments Are Not Appropriate for a Motion to Reconsider in Any Event

In addressing reconsideration motions, judges in the Northern District of Illinois have applied the standard established by the Seventh Circuit in *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990). *See, e.g., United States S.E.C. v. Nat'l Presto Indus., Inc.*, No. 02-5027, 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (applying *Bank of Waunakee*); *Neal v. Honeywell, Inc.*, No. 93-1143, 1996 WL 627616, at *3-6 (N.D. Ill. Oct. 25, 1996) (same), *aff'd*, 191 F.3d 827 (7th Cir.1999); *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995) (citing *Bank of Waunakee*). *Bank of Waunakee* teaches that a reconsideration motion is appropriate where: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *See Bank of Waunakee*, 906 F.2d at 1191.

The arguments in the Reconsideration Motion do not fall into any of these categories. As noted above, the Reconsideration Motion raises a number of arguments, based on disparate grounds, that never were advanced in the summary judgment briefing, notwithstanding that the

bases for the belated arguments clearly were available. Perhaps Plaintiffs did not advance the arguments because Plaintiffs believed other arguments were stronger and therefore should be the focus of their brief. Perhaps Plaintiffs did not assiduously research the issues—although that appears unlikely from the obvious efforts that went into the Plaintiffs' response brief and the preparation Plaintiffs' counsel have displayed during their efforts in the case to date. In any event, reconsideration motions are not properly employed to present new arguments that previously were available. *See, e.g., Neal*, 1996 WL 627616, at *4. Nor are reconsideration motions properly employed to effectively double page limits presumptively set by local rule.

A small portion of the Reconsideration Motion also rehashes cases, principally from the District of New Mexico, that were referenced in passing in the summary judgment briefing cycle. These cases, as Plaintiffs concede, do not represent the majority view in the applicable precedent. (*See* D.E. 54 at 9 n.20.) Just as it is generally inappropriate to advance new arguments in a reconsideration motion, it is also inappropriate to rehash old ones. *See, e.g., Smithkline Beecham Corp. v. Apotex Corp.*, 194 F.R.D. 624, 625 (N.D. Ill. 2000). Accordingly, this argument is also procedurally flawed.

The Reconsideration Motion is not well taken. The Court respectfully declines the procedurally defective invitation to revisit its Order siding with the majority view of applicable precedent.[3]

---

[3] In the Reconsideration Motion, Plaintiffs reference *Salmeron v. Highlands Ford Sales, Inc.*, 223 F. Supp. 2d 1238 (D.N.M. 2002), and *Yazzie v. Amigo Chevrolet, Inc.*, 189 F. Supp. 2d 1245 (D.N.M. 2001). The Order noted that these cases "have been criticized and/or expressly rejected in some of the cases" cited in the Court's opinion. *Hamilton v. O'Connor Chevrolet, Inc.*, No. 02-1897, 2004 WL 1403711, at *10 n.8 (N.D. Ill. June 23, 2004). In the Reconsideration Motion, Plaintiffs also contend that in *Decos v. JoJo Motors, Inc.*, No. 01-6646, 2002 WL 598520 (N.D. Ill. Apr. 18, 2002), "Chief Judge Kocoras entered summary judgment in

7

## CONCLUSION

For the foregoing reasons, the Reconsideration Motion (D.E. 54) is denied.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Dated: March 23, 2005

---

a consumer's favor under the Odometer Act . . ., finding that prohibiting the plaintiff from signing the title form constituted a statutory violation." (D.E. 54 at 9.) The Court disagrees. Judge Kocoras held that "[b]y knowingly disclosing an inaccurate odometer reading, [the defendants] . . . violated the Federal Odometer Act." *Decos*, 2002 WL 598520, at *2. Plaintiffs, unlike the plaintiff in *Decos*, "concede[d] that the mileage was accurately disclosed, and they also expressly acknowledge[d] that do not allege odometer tampering." *Hamilton*, 2004 WL 1403711, at *10 (citing D.E. 43 at 7-8).